SAMUEL H. PERRY v. WILLIAM T. ADAMS and his wife LUCY N. ADAMS.

*Curative Acts—Sale of Land for Assets—Infants—Service—*
*Subrogation—Judicial Sale—Lien.*

1. A license to sell lands for assets is void and no title will pass thereunder if the heirs or devisees of the decedent have not been made parties to the proceedings in some sufficient way.

2. The curative act, *The Code,* §387, does not embrace a case where there has been *no service at all,* but was intended to cover the case where personal service was omitted as to infants, but was had upon some one who apparently had a right to represent them.

3. One who purchases land sold for assets, upon the sale being declared invalid, is entitled to be subrogated to the rights of the creditors and have a lien declared upon the land as against the heirs and devisees to the extent of the application of the money he paid to the discharge of the debts of decedent and the costs of administration.

(*Stancill* v. *Gay,* 92 N. C., 462; *Williams* v. *Williams,* 2 Dev. Eq., 69; *Scott* v. *Dunn,* 1 D. & B. Eq., 425; *Springs* v. *Harven,* 3 Jones Eq., 96; *Palmer Thompson,* 4 Jones, 104, cited and approved).

CIVIL ACTION tried before *Clark, Judge*, at January Term, 1887, of GRANVILLE Superior Court.

It appeared that John R. Perry died intestate in the county of Granville, sometime in the year 1864, leaving surviving him as his only heir at law the *feme* defendant, then an infant of tender years, who has since intermarried with her co-defendant.

At the February Term, 1866, of the late Court of Pleas and Quarter Sessions of the county named, Samuel D. Coley was duly appointed administrator of the estate of the intestate, and at the February Term, 1867, of that Court, the *feme* defendant then being about five years of age, the administrator filed his petition, praying the Court to grant to him a license to sell the land of his intestate, described in the complaint, to make assets to pay debts. A license was granted; the land was sold in pursuance of the order of the Court by the administrator; the plaintiff became the purchaser thereof on the 29th day of April, 1867, at the price of $700.00; the sale was confirmed by the Court, and the purchase money having been paid in pursuance of the order of the Court, the administrator executed a deed purporting to convey the title to the land to the plaintiff, and thus he claims to derive title to the same.

The *feme* defendant was named as defendant in the petition mentioned, and she then and thereafter, for a long while. had a general guardian, but there was no service of a summons, or any process on her, she being an infant, nor was her general guardian named or made a defendant in the petition, nor was any summons or other process served on him in that respect, nor was any guardian *ad litem* appointed for her in that behalf, nor was any defence made for her, nor was the petition sworn, nor were there any affidavits filed or accounts taken, to prove the existence of necessity for selling the land to make assets.

The defendants being in possession of the land, the plaintiff brought this action to recover possession thereof, claiming to derive title thereto by virtue of the deed executed to him by the administrator mentioned, and the proceedings, orders and decrees made by the said Court authorizing him to make the same.

The defendants admitted that they were in possession of the land, but denied that the plaintiff was entitled to have possession thereof, and further, that he had any title thereto, and insisted that the proceedings mentioned, and the orders and decrees therein, and the sale of the land made in pursuance thereof, are, as to the *feme* defendant, null and void.

The plaintiff having alleged in the complaint the circumstances of his title, insisted that if it was not good and sufficient, then and in that case he would be entitled to be paid the money he so paid for the land, and the interest thereon, and to have the same declared to be a charge upon the land; and he demanded judgment accordingly, and asked for general relief.

On the trial, the jury found in response to issues submitted to them, that the plaintiff was not entitled to the possession, nor was he the owner of the land; that he paid for the same to the administrator named $700.00 on the 29th of April, 1867; that the plaintiff had had possession of the land under his supposed purchase for thirteen years, and that the fair rental therefor for each of these years was thirty-seven dollars.

The Court adjudged that the plaintiff was not entitled to recover possession of the land, but gave judgment in his favor for the sum of $1,006.50, the money and interest thereon that he paid therefor, less the value of the rents thereof for thirteen years, and declared the same to be a lien upon the land in favor of the plaintiff.

The plaintiff appealed from the judgment to this Court, assigning several grounds of error, and the defendants did

likewise; but the view the Court takes of the assignments of error in both appeals, considered together, renders it unnecessary to state or advert to them severally or in detail.

The administrator named was not made a party to the action. On the trial evidence was received tending to prove that he received from the plaintiff the purchase money of the land, and applied it properly in the payment of debts of his intestate, but there was no finding of the facts in this respect, nor was any account of his administration taken in order to see if there was occasion to sell the land to make assets to pay debts, &c.

*Mr. John Devereux, Jr.,* (*Messrs. Jos. B. Batchelor* and *E. C. Smith* were with him) for the plaintiff.

*Mr. D. G. Fowle,* for the defendants

MERRIMON, J., (after stating the case as above). The learned counsel for the plaintiff contended on the argument here, that inasmuch as the property, both personal and real, of the deceased debtor, in the order mentioned, is subject first and certainly to be applied to the payment of costs of administration and the debts of the decedent, the Court had authority to direct a sale of the land to make assets for such purpose, and a proceeding and proper orders and decrees to that end would not be void, although the heir was not made a party thereto, and he cited several cases to support that contention. We cannot accept this view as correct in any aspect of it. The law thus admininistered might—no doubt would—very frequently work serious injury to the heir or devisee, and he would be left without any practical or efficient remedy. He should, as a matter of common justice, have just opportunity to see that the occasion had properly arisen for resort to the land descended or devised to him, and to show the contrary if he could. But whatever may be the extent of the authority of appellate Courts in some States of the Union, to thus devote the land of deceased

debtors to the payment of debts, without notice to the heir, in this State, the statute, (*The Code*, § 1438), expressly provides that, "No order to sell real estate shall be granted, till the heirs or devisees of the decedent have been made parties to the proceeding, by *service* of summons, either personally, or by publication, as prescribed in the chapter entitled Code of Civil Procedure."

This provision embraces infants as well as adult persons. Hence this Court has repeatedly and uniformly held that such proceedings, decrees and judgments are void and of no effect as against the heir not in some sufficient way made a party to the same, whether infant or adult. *Stancill* v. *Gay*, 92 N. C., 462, and the cases there cited.

It distinctly appears in the case before us, that the *feme* defendant was not made a party, by service of process or notice in any way, to the proceeding in the Court of Pleas and Quarter Sessions in which a decree was made, directing a sale of the land in question, descended to her from her ancestor, to make assets to pay debts against his estate. During the whole time of the pendency of that proceeding, and for a long while afterwards, she was an infant; she was not served with process, nor was her general guardian; nor was any guardian *ad litem* appointed to make defence, nor was any defence made for her. The Court, therefore, did not obtain jurisdiction of her at all. The order of sale, indeed the whole proceeding, was as to her void and inoperative. Jurisdiction of the person was essential to a valid order. *Stancil* v. *Gay, supra.*

It was further insisted for the plaintiff that the proceeding and order of sale therein was cured and made effectual by the curative statute, (*The Code*, §387) making valid judgments and other proceedings against infants and certain other classes of persons in certain cases. This is a misapprehension of the true meaning of that statute. Neither by its terms, nor by just interpretation of the meaning, does it

apply to or embrace cases where there *was no service of process at all.* It applies to civil actions and special proceedings, "wherein any or all of the defendants were infants,   *   *   *   *   on whom there was no *personal service* of the summons," &c. The statutory provision (*The Code,* §§181—214 —217, par. 2,) prescribing how the summons in civil actions and special proceedings shall be served on infants, requires, and required at and before the time of the enactment of the curative statute mentioned, *personal service* upon them, and likewise service upon the guardian, and where the infant is under the age of fourteen years, service must be made by delivering a copy of the summons to him "*personally,* and also to his father, mother, or guardian," &c. The *personal* service upon the infant is not regarded, nor has it been, as so important as that upon his guardian, by whom he defends, and who is required to make defence for him, and it not unfrequently happened that there was no *personal* service on the infant, as the statute required. The object of the curative statute is to cure the judgment and proceeding, when such *personal* service was omitted, but it does not embrace cases where *no service* was made upon the infant or any other person in his behalf, as the statute requires to be done. *Stancill* v. *Gay, supra.*

The plaintiff, however, undertook to purchase the land, so far as appears, in good faith, and to the extent that the money he paid to the administrator was applied to the payment of debts of the intestate and the costs of administration that the personalty was insufficient to pay, to that extent he relieved the land in question, and is entitled to be subrogated to the rights of the creditors, whose debts and costs were so paid, and to have the sum of money due him charged upon the land. It would be unconscionable to allow the *feme* defendant in that case to have the land discharged of the debt due the plaintiff for money thus paid by him and applied to relieve the same. *Williams* v. *Williams,* 2

Dev. Eq., 69 ; *Sanders* v. *Sanders, Ibid.,* 262 ; *Scott* v. *Dunn,* 1 D. & B. Eq., 425 ; *Spring* v. *Harven,* 3 Jones Eq., 96 ; *Palmer* v. *Thompson,* 4 Jones, 104.

The plaintiff, must be charged with the rents of the land during the time he had possession of it.

So much of the judgment appealed from as declares that the plaintiff is not the owner of, nor entitled to the possession of the land, is affirmed. In other respects, it must be set aside, the administrator made a party defendant, an account be taken, and judgment given in accordance with the rights of the parties, to be ascertained and settled as indicated herein. To that end, let this opinion be certified to the Superior Court according to law.

No error.                                            Affirmed.