Baker *v.* Edwards.

---

## BAKER ET AL. *v.* EDWARDS ET AL.

[No. 18,856. Filed January 10, 1901.]

APPEAL.—*Decedents' Estates.—Quieting Title.*—The widow and children of decedent brought an action to quiet title and cancel a mortgage executed by the administrator on the lands of decedent. The mortgagee filed a cross-complaint and obtained a judgment foreclosing his mortgage, purchased the land at sheriff's sale and received a certificate of sale which he sold and transferred to another. In a proceeding to review, the judgment was set aside as to the children. The purchaser of the certificate of sale then filed an amended cross-complaint, making the administrator a party, under which he obtained a decree quieting his title to the undivided one-third of the land, subrogating him to the rights of the mortgagee, and directing the administrator to sell the undivided two-thirds to pay the costs of administration and claims against the estate, including the claim of mortgagee. *Held,* that the probate jurisdiction of the circuit court was not invoked or exercised by such proceeding, and an appeal from such decree was properly taken under the general statute. *pp. 54-57.*

DECEDENTS' ESTATES.—*Husband and Wife.—Widow Remarrying.—Children by Former Marriage.—Judgments.*—Decedent's widow, under coverture of second marriage, and children brought suit to

Baker *v.* Edwards.

quiet title and cancel a mortgage executed by the administrator of decedent's estate. The mortgagee by cross-complaint obtained a judgment foreclosing his mortgage, which was afterward set aside as to the children, but held valid against the widow, she having agreed with cross-complainant to accept a certain portion of the land and withdraw all litigation. *Held*, that a judgment quieting cross-complainant's title to the widow's one-third as against the widow and children was erroneous as to the children, since the foreclosure judgment was set aside as to the children, and the agreement by the widow concerning her interest in the land was made during her second coverture, without the knowledge or consent of the children by the former marriage, and their contingent right under §2641 Burns 1894 to take the interest of their mother, upon her death during coverture, could not be thus cut off. *pp. 57, 58.*

DECEDENTS' ESTATES. — *Mortgages.* — *Lien of Mortgagee.* — Where a mortgage executed by an administrator under an order of court on the lands of decedent for the payment of debts was set aside because of a defect in the proceedings the mortgagee is entitled to a lien on the land for the amount of his loan. *p. 58.*

MORTGAGES.—*Foreclosure.—Purchase of Certificate of Sale by Sheriff.*— Section 7948 Burns 1894 prohibiting a sheriff from purchasing any judgment or allowance in any court of which he is an officer is intended to insure the disinterestedness of a sheriff in executing writs that come into his hands, and does not prohibit a sheriff from purchasing a certificate of sale on foreclosure of mortgage. *p. 59.*

From the Boone Circuit Court. *Affirmed in part and reversed in part.*

*S. M. Ralston, M. Keefe* and *S. R. Artman,* for appellants.

*T. J. Terhune, P. H. Dutch* and *B. F. Ratcliff,* for appellees.

BAKER, J.—George Kernodle died testate in 1879 the owner of land in Boone county. By his will his widow was given the land until their youngest child should become twenty-one years old in January, 1895, when his widow should have an undivided third and their four children, appellants here, should have the residue. In 1880 the widow married Stephen Neal, with whom she is still living. Mrs. Neal elected to take under the law, and not under the

will. In 1885, Martin, administrator, procured an order to mortgage the land for $1,400 with which to pay debts, and to lease the land to provide means with which to pay interest on the mortgage, taxes, etc. Mrs. Neal and the children had no notice of the petition or of the order. In a suit for possession and rents by Mrs. Neal against the administrator and his lessees, it was held that the order was a nullity. *Martin, Adm.,* v. *Neal,* 125 Ind. 547. In 1888 Mrs. Neal and the children began this suit against the administrator and Addison B. Braden, to whom the administrator had executed the $1,400 mortgage described in the order, for the purpose of canceling the mortgage and quieting their title to the land. Braden filed a demurrer to their complaint and at the same time filed a cross-complaint to foreclose his mortgage. The demurrer was sustained, and the plaintiffs have never amended, nor has judgment been rendered against them for failure to do so. On the issues made on his cross-complaint, Braden had a judgment of foreclosure. At the sale Braden bid the full amount of the judgment and costs, and received a sheriff's certificate on May 31, 1890. No deed has been issued on the certificate. James Edwards, who was sheriff of Boone county from November 19, 1888, to November 19, 1890, made a written contract with Mrs. Neal on August 20, 1890, whereby Edwards was to purchase the certificate from Braden and was to convey ninety-five acres of land in White county to the order of Mrs. Neal, and Mrs. Neal engaged to withdraw all litigation concerning the Kernodle land and to see that no redemption was made from the sheriff's sale. Edwards bought the certificate for the amount it called for, conveyed the White county land to appellant Joanna Baker as trustee to hold the title subject to the order of Mrs. Neal, and took possession of the Kernodle land, which he has ever since retained. Appellants were not parties to this agreement, had no notice of it, and never ratified it. Joanna Baker conveyed the White county land, which she held as trustee,

for Mrs. Neal, to. Mrs. Neal and her husband. The consideration for the conveyance to Neal was the payment by him of $500 for fees to lawyers who had performed services for Mrs. Neal and the appellants. On proceedings to review Braden's judgment of foreclosure, to which Edwards was admitted as a party, it was held that Braden's judgment was binding on Mrs. Neal, but should be set aside as to the children. *Edwards v. Baker*, 145 Ind. 281. Thereupon Edwards filed an amended cross-complaint (in the right of the original cross-complainant Braden) against Mrs. Neal, the children, the administrator, and Braden, seeking to quiet title to the whole of the Kernodle land, or, if that relief could not be had, to quiet title to an undivided third and to charge the two-thirds with the debts of the decedent which had been paid by the administrator with the $1,400 borrowed of Braden for that purpose. Braden and Mrs., Neal filed disclaimers. On issues made by the children and the administrator on Edwards's cross-complaint, a trial was had, special findings of fact and conclusions of law were stated, and judgment was rendered in favor of Edwards. The children appeal. The questions presented by their counsel arise on the exceptions to the conclusions of law.

On the findings of fact, which are substantially embodied in the foregoing statement of the case, the court concluded: (1) That Edwards is the equitable owner in fee of the undivided third of the Kernodle land and is entitled to have his title thereto quieted as against all of the defendants to his cross-complaint; (2) that Edwards is subrogated to the rights of Braden and is entitled to a lien on the undivided two-thirds for $1,390.70; (3) that the administrator is directed to proceed on proper petition and notice to sell the undivided two-thirds to pay the costs of administration and claims against the estate including that of Edwards; (4) that Edwards recover his costs.

Edwards has filed a motion to dismiss the appeal. The transcript was filed eleven months after the judgment was

rendered. The ground of the motion is that the cause is not appealable under the general statute, but only under the special statute in reference to decedents' estates. §§2609, 2610 Burns 1894, §§2454, 2455 R. S. 1881 and Horner 1897. The cause was begun by the complaint of Mrs. Neal and the children to quiet title and to cancel the mortgage given by the administrator to Braden. This was a proceeding on the equity side of the court. Probate jurisdiction was not invoked to set aside an order improvidently made and the erroneous approval of a mortgage under the order, but the complaint was a collateral attack, treating the probate proceedings as a nullity. Brought into court to answer this complaint, the mortgagee Braden filed his cross-complaint to foreclose. After he sold his certificate of purchase to Edwards and his judgment of foreclosure had been set aside as to the children, Edwards filed his cross-complaint to quiet an equitable title and for subrogation, as above stated. As the probate jurisdiction of the circuit court was not invoked nor exercised, the appeal was properly taken under the general statute. *Roach* v. *Clark,* 150 Ind. 93, and cases cited on page 96, 65 Am. St. 353.

As to the first conclusion of law, it is to be observed that the dealings between Edwards and Mrs. Neal occurred while she was under a second coverture. The court found that she had elected to take under the law, not under the will of her former husband. Her interest in the land was therefore held by virtue of her previous marriage, and appellants are her children by such marriage. By §2641 Burns 1894, §2484 R. S. 1881 and Horner 1897, her power of alienating her interest was suspended during her second coverture, and on her death during the coverture the interest she derived from appellants' father would go to them. Even if the judgment of foreclosure on Braden's cross-complaint, which was not set aside as to Mrs. Neal, is conclusive upon her that she owned an alienable fee, it is not conclusive upon appellants in any respect or for any purpose. It was set

aside completely as to them, and on the reformation of the issues between Edwards, as successor to Braden, and appellants, the court found that Mrs. Neal took from her former husband under the law and dealt with Edwards during her second coverture without the authority, knowledge, consent or ratification of appellants. Their contingent right to take the undivided third which Mrs. Neal derived from their father, upon the death of Mrs. Neal during coverture, is not cut off by the facts found.

Appellants contend that the second conclusion of law is wrong because Braden was a volunteer. The numerous cases cited by counsel support the general proposition that a volunteer or intermeddler is not entitled to subrogation. But, by the policy of this State, evidenced by statutes and decisions, Braden was not a volunteer. Braden parted with his money on the faith of a mortgage based upon judicial proceedings. There can be no difference in principle between an administrator's obtaining money by mortgage or by deed of his decedent's realty under order of the court. It is to the interest of the heirs that bidders should be encouraged. As against the heirs, the decedent's lands are subject to sale or mortgage for his debts. If the bidder's money pays the debts, the bidder is considered as the equitable assignee of the claims, if his title or security is avoided; and the assurance of this to the bidder is to the benefit of the heirs in securing competition and advantageous bids. §§1097, 1098 Burns 1894, §§1084, 1085 R. S. 1881 and Horner 1897; *Bunts* v. *Cole,* 7 Blackf. 265, 41 Am. Dec. 226; *Seller* v. *Lingerman,* 24 Ind. 264; *Muir* v. *Berkshire,* 52 Ind. 149; *Walton* v. *Cox,* 67 Ind. 164; *Jones* v. *French,* 92 Ind. 138; *Short* v. *Sears,* 93 Ind. 505; *Duncan* v. *Gainey,* 108 Ind. 579; *Stults* v. *Brown,* 112 Ind. 370, 2 Am. St. 190; *Fowler* v. *Maus,* 141 Ind. 47; *Milburn* v. *Phillips,* 143 Ind. 93, 52 Am. St. 403. See, also, *Crippen* v. *Chappel,* 35 Kan. 495, 11 Pac. 453, 57 Am. Rep. 187; *Dufour* v. *Camfranc,* 11 Martin (La.) 607, 13 Am. Dec. 360; *Valle* v.

*Fleming,* 29 Mo. 152, 77 Am. Dec. 557; *Scott* v. *Dunn,* 1 Dev. & B. Eq. (N. C.) 425, 30 Am. Dec. 174; *Perry* v. *Adams,* 98 N. C. 167, 3 S. E. 729, 2 Am. St. 326; *Caldwell* v. *Palmer,* 6 Lea (Tenn.) 652; *Mayes* v. *Blanton,* 67 Tex. 245,.3 S. W. 40; *Hudgin* v. *Hudgin,* 6 Gratt. 320, 52 Am. Dec. 124; *Blodgett* v. *Hitt,* 29 Wis. 169; *Levy* v. *Martin,* 48 Wis. 198, 4 N. W. 35; *Davis* v. *Gaines,* 104 U. S. 386, 26 L. Ed. 757.

It is further contended that Edwards is not entitled to subrogation, even if Braden would be, because Edwards was the sheriff who sold the land on Braden's judgment of foreclosure. Section 7948 Burns 1894, §5871 R. S. 1881 and Horner 1897, prohibits a sheriff from purchasing any judgment or allowance in any court of which he is an officer. This section is plainly intended to insure the disinterestedness of a sheriff in executing writs that come into his hands. Neither in letter nor in spirit does it forbid a sheriff to purchase a certificate of sale. The writ has then been fully executed.

The judgment, in so far as it is based on the second, third, and fourth conclusions of law, is affirmed. The judgment, in so far as it is based upon the first conclusion of law, is reversed, with instructions to restate the first conclusion to the effect that Edwards have his title quieted to an undivided third only against Mrs. Neal, and not against appellants, and to modify the judgment accordingly.

Hadley, J., did not participate in this decision.