## CRITTENBERGER, AUDITOR OF STATE *v.* STATE SAVINGS AND TRUST COMPANY ET AL.

### [No. 9,718. Filed November 28, 1916.]

1. APPEAL.—*Right of Appeal.—Power of Legislature.*—There is no vested right of appeal, and such right is the subject of legislative discretion, to be given or withheld as the general assembly sees fit. p. 153.

2. TAXATION.—*Inheritance Tax.—Appeal from Determination of Tax.—Statute.*—As the provisions of the inheritance tax law of 1913 (Acts 1913 p. 79 *et seq.*, §10143a *et seq.* Burns 1914), indicate that the legislature intended to make the ascertainment and collection of inheritance taxes a part of our probate law, and since the act contains no express denial of the right of appeal from judgments rendered thereunder, an appeal from a judgment of a probate court on the rehearing and redetermination of an inheritance tax may be taken under §2977 Burns 1914, §2454 R. S. 1881, providing that any person considering himself aggrieved by any decision of a circuit court growing out of any matter connected with a decedent's estate, may prosecute an appeal to the Supreme Court; and §15, clause 3, of the inheritance tax law, providing for a rehearing of the determination of an inheritance tax, refers only to the procedure in the trial court, and does not bar an appeal. p. 153.

3. APPEAL.—*Appeal without Bond.—Inheritance Tax Determination.—Statute.*—Where the auditor of state instituted an action for the rehearing and redetermination of an inheritance tax assessment, although the suit was not brought by the State, or in its name on the relation of the Attorney-General, yet the trial court and the parties treated it as an action so brought, and it was, in fact, prosecuted by the Attorney-General, an appeal by the auditor may be taken from the judgment rendered without bond under §9270 Burns 1914, Acts 1899 p. 219, providing that in civil actions brought in the name of the state, or in its name on the relation of the Attorney-General or on the relation of any state board, any relief to which the state is entitled therein may be obtained without filing any bond either for costs or damages. p. 155.

4. APPEAL.—*Perfecting Appeal when no Bond is Required.—Time.*—When no bond is required to be given by a party appealing under §2977 Burns 1914, §2454 R. S. 1881, relating to appeals from decisions growing out of any matter connected with a

decedent's estate, the appellant has 120 days from the date of the decision complained of within which to perfect his appeal. p. 156.

From Marion Probate Court; *Mahlon E. Bash,* Judge.

Action by Dale J. Crittenberger, Auditor of State of the State of Indiana, against the State Savings and Trust Company of Marion county, Indiana, and others. From the judgment rendered plaintiff appeals, and defendants move to dismiss the appeal. *Motion to dismiss appeal overruled.*

*Evan B. Stotsenburg,* Attorney-General, *Charles J. Orbison* and *Thomas H. Branaman,* for appellant.

*Pickens, Cox & Conder,* for appellees.

IBACH, J.—Appellant appeals from a judgment rendered in the matter of the rehearing and redetermination of the inheritance tax in the estate of William L. Higgins, deceased.

After the filing of the transcript in this court and before the filing of appellant's brief, appellees, other than Charles Latham, whose death is suggested, have filed a motion to dismiss the appeal for each of the following reasons: "1. No right of appeal is by law provided from the judgment of the Probate Court of Marion County, Indiana, set forth in the transcript of the record in the above entitled cause, and no appeal from any such judgment of the Probate Court of Marion County, Indiana, is permitted by law. 2. No bond was filed with the clerk of Marion County, Indiana, or with the clerk of the Probate Court of Marion County, Indiana, as provided by law, as a condition upon which an appeal may be had from a judgment such as is disclosed in the said transcript of record, *it being a judgment growing out of a matter connected with a decedent's estate.* 3. No appeal bond was filed with any officer or person in connection with the said attempted appeal within thirty days after the decision complained of was made. 4. No transcript was filed in the office of the clerk of this court within ninety days after the filing of an appeal bond with any offi-

cer or person whatsoever in connection with an attempted appeal from the decision and judgment of the Probate Court of Marion County disclosed in the transcript of record, in the above entitled cause, as is by law provided as a condition upon which appeals are allowed in decisions of the Probate Court of Marion County, growing out of any matter connected with a decedent's estate, and in fact no appeal bond has been at any time filed in connection with this attempted appeal or any attempted appeal from the decision and judgment of the Probate Court of Marion County, disclosed in the transcript in the above entitled cause.'' (Our italics.)

The act in question (Acts 1913 p. 79 *et seq.*, §10143a *et seq.* Burns 1914) contains no express provisions authorizing an appeal. Proceedings had under the provisions of such act are in the nature of special proceedings. It is

1. thoroughly settled that there is no vested right of appeal and that such right is the subject of legislative discretion, to be given or withheld as the general assembly sees fit. It has also been held that the general right of appeal allowed from final judgments does not apply to special proceedings, and that statutory provisions for the improvement of streets and other highways, and for the assessment of the costs thereof against the property benefited are special in character and unless expressly granted, no appeal lies from any action or decision of the board or tribunal conducting such proceedings. *Stockton* v. *Yeoman* (1912), 179 Ind. 61, 65, 66, 100 N. E. 2; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030; *City of Indianapolis* v. *L. C. Thompson Mfg. Co.* (1907), 40 Ind. App. 535, 81 N. E. 1156, 82 N. E. 540; *State v. Rockwood* (1902), 159 Ind. 94, 95, 64 N. E. 592, and cases cited.

2. An analysis of the act in question and a study of its provisions as a whole indicate that the legislature intended to make the ascertainment and collection of inheritance taxes a part of our probate law, and to

vest our county courts with probate jurisdiction over such matters. The act provides, among other things, that the value of the estate and the amount of tax to which it is liable shall be determined by the court after notice and hearing; that such tax shall be a lien on the property transferred until paid and the administrator shall be personally liable therefor; that no administrator shall be entitled to a final accounting until he produces a receipt for its payment; that he shall have power to sell the property of his decedent to pay such tax; that he shall not deliver or be compelled to deliver any specific legacy or property subject to such tax to any person until he shall have collected the tax thereon; that in the collection of unpaid taxes the procedure shall conform, as near as may be, to the provisions of the law governing probate practice of this state; that the powers conferred on the circuit court shall be conferred on certain other courts having jurisdiction in probate matters. With this construction it follows that the right of appeal, if not expressly denied by the act itself, is provided by §2977 Burns 1914, §2454 R. S. 1881, which reads in part as follows: "Any person considering himself aggrieved by any decision of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate may prosecute an appeal to the supreme court," etc. As tending to sustain our conclusion, see *Bennett* v. *Bennett* (1885), 102 Ind. 86, 89, 1 N. E. 199; *Baker* v. *Edwards* (1900), 156 Ind. 53, 59 N. E. 174; *Rogers* v. *State* (1900), 26 Ind. App. 144, 59 N. E. 334; *Holderman* v. *Wood* (1904), 34 Ind. App. 519, 73 N. E. 199; *Vail* v. *Page* (1910), 175 Ind. 126, 130, 93 N. E. 705, and cases cited.

Appellees, while contending that no right of appeal is created by §2977, *supra,* also contend that the act contains language which practically forbids an appeal. The language referred to is found in §15, clause 3, of such act (§10143o Burns 1914), and is as follows: "The auditor of state, county treasurer, or any person dissatisfied with

the appraisement or assessment and determination of such tax may apply for a rehearing thereof before the circuit court within sixty days from the fixing, assessing and determination of the tax by the circuit court as herein provided on filing a written notice which shall state the grounds of the application for a hearing. The rehearing shall be upon the records, proceedings and proofs had and taken on the hearings as herein provided and a new trial shall not be had or granted unless specially ordered by the court.'' The language indicated has reference to the procedure in the trial court, and not to the right of appeal. The act contains no express denial of the right of appeal.

The remaining reasons on which a dismissal is urged may be treated together. They in effect deny that any appeal has been perfected. It is urged that appellant has

3. not complied with §2977, *supra,* by failing to file an appeal bond. While it may be conceded that this action was not brought in the form of the "State of Indiana" or the "State of Indiana on the relation of the Attorney-General," yet the trial court and both the parties treated it as an action so brought, and it was a matter of fact prosecuted by the Attorney-General, so we are of the opinion that the action falls within the provisions of §9270 Burns 1914, Acts 1899 p. 219, and an appeal bond was not required. Furthermore, by statute the state auditor is given authority to represent the state in these proceedings before the trial court, and we have held that the right of appeal existed in such cases. It would therefore be entirely foreign to the spirit of our law to hold that the state auditor, representing the state in an effort to obtain taxes, should be required to furnish a bond before the state's appeal could be perfected. 3 C. J. 1122, §1161; Ewbank's Manual (2d ed.) §9; *Humphreys* v. *State* (1904), 70 Ohio St. 67, 70 N. E. 957, 65 L. R. A. 776; 101 Am. St. 888, 1 Ann. Cas. 233; *People* v. *Sholem* (1909), 238 Ill. 203, 87 N. E. 390.

When no bond is required to be given by a party appealing under §2977, *supra*, the appellant has 120 days from the date of the decision within which to perfect his appeal. The judgment in this case was rendered on May 29, 1916, and the transcript of the record filed in this court on August 16, 1916, within the 120 days.

The motion to dismiss the appeal is overruled.

NOTE.—Reported in 114 N. E. 225. Statutes abridging right of appeal, constitutionality, 5 Ann. Cas. 860; Ann. Cas. 1912B 274. Inheritance tax statutes, construction, Ann. Cas. 1915C 322. See under (1) 2 Cyc 517; 3 C. J. 616; (2) 37 Cyc 1583.