In the Matter of the Estate of JOHN KENNEDY, Deceased.

Surrogate's Court, Westchester County, June 21, 1935.

*Lowenthal, Hirsch & Whit,* for the executors.

*Philip C. Samuels,* for John Kennedy, Jr., objectant.

*Albertson & Scoble,* for Dorothy Hickey, objectant.

SLATER, S. The executors have presented a proposed decree dismissing the objections of John Kennedy, Jr., pursuant to the decision made herein on April 9, 1935. They have also presented a bill of costs against the objectant personally.

The objectant opposes the entry of a decree and the taxation of costs against him at this time.

Section 71 of the Surrogate's Court Act provides that " upon a trial before the surrogate without a jury, the surrogate must file in his office his decision in writing which shall direct the decree to be entered."

" The determination of the rights of the parties to a special proceeding in a surrogate's court, is a decree. A direction of a surrogate's court, made or entered in writing, and not included in a decree, is an order." (Surr. Ct. Act, § 78.)

The chief distinction between decrees and orders is one of finality. The best rule for determining whether a paper is a decree or an order is the ordinary test of common sense as to whether the order in question is a final determination of a special proceeding or not. It affects the question of appealability. (*Matter of Prentice,* 160 N. Y. 568; 1 Jessup-Redf. 353.) That the proceeding may be an intermediate one does not affect the final character of the decree, if this finally determines the *proceeding* in which it is entered. For example, a decree on an intermediate accounting is as much a decree as though the proceeding were a final one. Where it terminates the proceeding and, so far as it determines any question raised upon it, is conclusive upon the interested parties who were duly cited, unless reversed upon appeal, it is a decree. (7 Wait N. Y. Prac. 143.)

Any decree or order affecting a substantial right is appealable. (Surr. Ct. Act, § 288.) Ordinarily, it is not difficult to determine whether or not a decree is appealable. Sometimes, however, serious question arises with regard to appeal from an order. This may be taken only where it affects a substantial right.

The general rule with regard to these orders is that an appeal taken from a decree brings up for review *each intermediate order* which is specified in the notice of appeal. (Surr. Ct. Act, § 295.) The *proper practice* with regard to these intermediate orders is to *wait until the matter has been finally determined by the surrogate,* and then appeal from the decree and from the intermediate orders as well. (7 Wait N. Y. Prac. 890, 891.)

The proposed decree is in effect an *intermediate order* in this proceeding. It affects a substantial right and is appealable. However, it is not a final determination of the accounting proceeding. Objections by another party in interest are on file and remain undetermined. Assuming that, in an accounting proceeding, numerous parties file objections, and assuming that these objections were tried separately and decided *seriatim*, is it good practice to enter an intermediate order or decree upon a decision made to each set of objections? I think not. It would cause a series of interlocutory orders to be entered in the proceeding and a multiplicity of appeals when one appeal from a *final decree* is sufficient.

In the instant case it is not the objectant who is asking that intermediate decree be entered. It is the executors. The objections were decided in their favor. Hence, the question of their right to appeal is not affected.

Settlement and signature of the proposed decree will be denied. Taxation of a bill of costs against objectant *personally* is proper under the discretion vested in the surrogate. (Surr. Ct. Act, § 278.) It will be fixed at seventy dollars plus thirty-one dollars and ninety-three cents for disbursements.

Proceed accordingly.