DEPARTMENT OF STATE REVENUE, INHERITANCE TAX
DIVISION *v.* ESTATE OF CALLAWAY, DECEASED ET AL.

[No. 28,862. Filed March 16, 1953.]

*J. Emmett McManamon,* Attorney General, *John J. McShane, Lloyd C. Hutchinson, Joseph E. Nowak,* and *Robert F. Wallace,* Deputy Attorneys General, for appellant.

*Nolin & McConnell,* of Fowler, and *Dunbar & Dunbar,* of Indianapolis, for appellee.

JASPER, J.—This is an appeal from a judgment sustaining a demurrer to an amended petition for reappraisement and redetermination of inheritance and transfer taxes. The amended petition was filed pursuant to §6-2412, Burns' 1933, Acts 1931, Chapter 75, Section 12, Page 192.

The record reveals that the Estate of Ernest L. Callaway, Deceased, was opened and that an inventory and appraisement of personal property was filed, after which the Executrix filed an inheritance tax schedule, which was referred by the court to the Assessor. The Assessor filed his report, which was heard, and an order determining inheritance tax was entered by the court showing a total tax of $543.52. Approximately three months thereafter, the Executrix filed her petition to vacate the order determining the tax, showing that an error had been made, and that the amount of the tax due was $740.31. Approximately nine months thereafter, appellant filed its petition for reappraisement and redetermination of inheritance and transfer taxes, which was later amended, to which petitions appellee filed her demurrer. The demurrer to the amended petition was sustained by the trial court. Appellant refused to plead further and judgment was entered for appellee.

Appellant's sole assignment of error is as follows:

"The lower court erred in sustaining appellee's demurrer to appellant's amended petition for reappraisement and redetermination of inheritance and transfer taxes for the reason that said amended petition did state grounds for said reappraisement and redetermination of inheritance and transfer taxes within the meaning of the Indiana Inheritance Tax Law."

Appellee's memorandum to the demurrer asserts that the finding and determination of the valuation of the assets and tax due is a judicial act, not ministerial,

and is a question of law and not of fact; further, that the decision of the court making the determination is a judgment; and therefore §6-2412, Burns' 1933, is unconstitutional in that it violates Articles 3 and 7 of the Constitution of Indiana and the Fourteenth Amendment to the Constitution of the United States. Section 6-2412, Burns' 1933, provides as follows:

"Within one [1] year after the entry of any order or decree of the court, determining the value of an estate and the tax due thereon, the state board of tax commissioners may, if they believe that the valuation of the property and assets of a decedent's estate, as valued by the appraiser and approved by the court, does not reflect a fair market value, or within two [2] years after the entry of said order or decree in cases in which the tax determination has been fraudulently, collusively or erroneously made, petition the court originally determining the tax for a reappraisal thereof. The court, upon the filing of said petition, shall thereupon appoint a competent person to reappraise said estate. Such appraiser shall possess the power, be subject to the duties, shall give the notice, and receive the compensation provided hereinbefore by this section. Such compensation shall be payable by the county treasurer out of any funds he may have on account of any tax imposed under the provisions of this act upon the certificate of the judge appointing him. The report of such appraiser shall be filed in the court for which he was appointed, and thereafter the same proceedings shall be taken, and had by and before such court, as herein provided to be taken, and had by and before the court at the original determination of the tax. The redetermination of the tax by such court shall supersede the determination of the court, on the first appraisal, and a copy thereof shall be forwarded to the state board of tax commissioners and a copy thereof filed with the clerk of the court, and with the county treasurer."

Appellant first asserts that every presumption must be indulged in favor of the constitutionality of the act,

and that if there is a doubt as to its constitutionality, then the act must be held constitutional. *State ex rel.* v. *Billheimer* (1912), 178 Ind. 83, 96 N. E. 801; *Groves* v. *Board of Commissioners* (1936), 209 Ind. 371, 199 N. E. 137. With this we are in accord, and we therefore approach the question of the constitutionality of §6-2412, Burns' 1933, with the presumption in favor of the validity of the legislative act. If the act can be sustained upon any reasonable basis, it must not be overthrown. If there is doubt concerning the question of the unconstitutionality of the act, that doubt must be resolved in favor of its validity. *Richmond Baking Co.* v. *Dept. of Treasury* (1939), 215 Ind. 110, 115, 18 N. E. 2d 778, 781.

The presumption of validity can be further fortified by acquiescence through approximately the last twenty years, during which neither the people, the courts, nor the Legislature changed the section here in question. *Harrell* v. *Sullivan* (1942), 220 Ind. 108, 127, 40 N. E. 2d 115, 41 N. E. 2d 354, 140 A. L. R. 455.

In 11 Am. Jur., Constitutional Law, §83, p. 705, it is stated:

> "The length of time that a statute has stood without any attacks on constitutional grounds is a factor which sometimes influences the court in upholding its constitutionality. The question of constitutionality cannot, however, be regarded as settled if the question has never been raised in the courts. The presumption of validity which applies to legislation generally is fortified by acquiescence through a number of years."

The presumption above referred to prevails where there are two possible interpretations of a statute, by one of which it would be unconstitutional and by the other of which it would be valid. *Miles* v. *Dept. of Treasury* (1935), 209 Ind. 172, 199 N. E.

372. However, it is equally true that usage and practical interpretation of a statute cannot control the interpretation of the constitutionality unless the language of the statute is obscure and doubtful. Further, if a statute is not ambiguous or uncertain in its meaning, then it is not open to construction, but we must take the statute as it is enacted. *State* v. *Martin* (1923), 193 Ind. 120, 122, 139 N. E. 282.

Section 6-2412, Burns' 1933, is not ambiguous or uncertain in its meaning, and it therefore leaves no room for construction.

Appellant asserts that the determination of the value of assets and the amount of inheritance tax is solely an administrative act, and is not judicial. With this we cannot agree. Section 6-2406, Burns' 1933, provides as follows:

> "Any court of the state having probate jurisdiction shall have complete jurisdiction to hear and determine the taxes imposed under the foregoing provisions of this act in all resident decedents' estates and do any act in relation thereto; and if two or more courts in any county shall be entitled to exercise such jurisdiction, the court first acquiring jurisdiction hereunder shall retain the same to the exclusion of every other court."

Section 6-2410, Burns' 1933, provides as follows:

> "The report of the appraiser shall be made in duplicate, one of which duplicates shall be filed in the court and the other in the office of the state board of tax commissioners. (Now the Department of Revenue.) Upon filing such report in the court, the court shall forthwith give twenty [20] days' notice by mail to all persons known to be interested in the estate, including the state board of tax commissioners, of the time and place for the hearing in the matter of such report, and the court, from such report, shall forthwith, at the time so fixed, determine the cash value of such estate and the amount of tax to which the same is liable. . . ."

The last-cited section further provides for notice to all interested parties and those whose residence or post-office address is unknown; and further provides for the appointment of a special guardian for incompetents and minors. It is to be noted that the statute provides for notice to all interested parties, including appellant, and that the notice is to state the time and place for hearing in the matter of such report. At the hearing, the court hears testimony, considers the inventory, appraisement, and report, and hears all parties desiring to be heard. In the order determining the value of the estate and the amount of tax, the court finds and determines the clear market value of the property, and further finds and determines the portions and amounts of the property of the decedent transferred, the name and relationship of the persons beneficially entitled to receive the same, and the rate and amount of tax for which they are liable; and, by statute, the tax becomes a lien upon the property transferred, and makes the person to whom the property is so transferred, and the administrator, executor, or trustee, personally liable for the payment of such tax. Section 6-2430, Burns' 1933 (Supp.).

The hearing and determination of the cash value of the assets and the determination of the tax are adversary proceedings, and therefore are judicial acts of the court. *In re Estate of Seidensticker* (1944), 75 Ohio App. 73, 60 N. E. 2d 74.

Section 6-2407, Burns' 1933 (Supp.), provides, among other things, that the probate court, after hearing, may enter a "decree" finding that no tax is payable by the estate. This decree is subject to rehearing. There can be no question but what this is a judicial act.

In *Crittenberger* v. *State, etc., Trust Co.* (1916), 63 Ind. App. 151, 114 N. E. 225, it was held that an appeal

from a judgment of a probate court on rehearing and redetermination of inheritance tax may be taken under §6-2001, Burns' 1933.

In the case of *Indiana Dept. of State Rev.* v. *Bandelier* (1952), 122 Ind. App. 200, 104 N. E. 2d 133, an appeal was taken from a judgment sustaining a demurrer to a petition for rehearing of the determination of the value and tax assessed in an estate. The court recognized the right to appeal from such a judgment. If the determination of the value of an estate and the amount of the tax was a ministerial act, then no appeal would lie, since appeals may be taken only from judgments and interlocutory orders. *Stout* v. *Stout, Admr.* (1918), 68 Ind. App. 278, 114 N. E. 473, 115 N. E. 594; *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 44 N. E. 2d 344.

Appellant cites numerous cases to the effect that the levy of a tax, together with its administration, enforcement, and collection, is a function of the executive branch of the government, and therefore the determination of the value of assets in an estate and the determination of the tax is administrative. However, all the cases cited by appellant deal with the levy of real estate taxes and not with inheritance taxes. Therefore the cases cited by appellant are not in point. The determination of the value of the assets in an estate subject to inheritance tax and the determination of the tax are special statutory proceedings to impose a tax on the right to accede to property rather than a tax on the property itself. *Crittenberger* v. *State, etc., Trust Co.* (1916), 63 Ind. App. 151, 114 N. E. 225, *supra*.

A "judgment or decree" has been defined as the final determination of the rights of a party in an action; and an "order", generally, is a direction of the court preliminary and incidental to final determination. The dis-

tinction between an order and a judgment is one of finality, and the question is whether the order is a final determination of the rights of a party.[1] *In re Kennedy's Estate* (1935), 281 N. Y. S. 278, 156 Misc. 166. In *McMillan, Admr., v. Plymouth, etc., Power Co.* (1919), 70 Ind. App. 336, 341, 123 N. E. 446, 448, the court said:

"An order of court has been defined as a judgment or conclusion of the court on any motion or proceeding by which affirmative relief is granted or relief is denied."

The order determining inheritance tax by a probate court is a special proceedings, judicial in character and with all the attributes of a judgment. *In re Estate of Wampler* (1950), 60 Ohio Law Abstract, 593, 600, 103 N. E. 2d 303, 308. We therefore hold that the judicial determination of the value of the estate and the tax is a judgment, subject to review under the provision for rehearing, §6-2411, Burns' 1933, and subject to appeal under §6-2001, Burns' 1933.

Section 6-2412, Burns' 1933, provides that, upon filing of the petition, the court *shall* appoint a competent person to reappraise the estate, and after the filing of the report of the appraiser, the same proceedings shall be followed as in the original determination of the tax. Section 6-2412 gives only the appellant the right to petition for a reappraisal and re-determination of the tax within the one or two year period. It leaves no discretion with the probate court, but, by the filing of the petition by the Indiana Department of State Revenue, Inheritance Tax Division, State of Indiana, the original determination is set aside.

The Legislature, in attempting to permit the mandatory setting aside of the judgment of the probate court,

1. See 30 Words and Phrases, Perm. Ed., Order, Page 117.

in §6-2412, Burns' 1933, violated Article 3, Section 1, of the Constitution of Indiana, which provides as follows:

"The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

And Article 7, Section 1, of the Constitution of Indiana, which provides as follows:

"The judicial power of the State shall be vested in a Supreme Court, in Circuit Courts and such other courts as the General Assembly may establish."

By so doing it infringed upon the judicial department of government. *Heath* v. *Fennig* (1942), 219 Ind. 629, 40 N. E. 2d 329; *State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 69 N. E. 2d. 592.

Section 12, Chapter 75, of the Acts of 1931 (§6-2412, Burns' 1933), is unconstitutional.

After considering all of the contentions of appellant, we find no reversible error.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 2d 903.