STATE OF INDIANA, INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION *v.* PAUL BOWER, EXECUTOR OF THE ESTATE OF NELL K. NEARY, DECEASED.

[No. 3-777A165. Filed February 27, 1978.]

*Theodore L. Sendak,* Attorney General, *Jane M. Gootee,* Deputy Attorney General, for appellants.

*Ralph Bower,* of Kentland, for appellee.

HOFFMAN, J.—On January 13, 1975, the Probate Court of Newton County entered an order determining the value of the estate of Nell K. Neary, deceased, and the amount of tax imposed by the inheritance and transfer tax laws upon the transfer thereof. On April 2, 1975, the State of Indiana, Indiana Department of State Revenue, Inheritance Tax Division, filed a "Petition for Rehearing Reappraisement and Redetermination of Inheritance and Transfer Tax", alleging that United States Treasury Bonds contained in the estate should be valued at par and that certain transfers of property were made in contemplation of death. After a hearing and the filing of briefs by the parties, the trial court denied the State's petition for rehearing. Subsequently, the State filed its motion to correct errors, which was denied, and this appeal follows.

The State's contention that United States Treasury Bonds, commonly known as "Flower Bonds", are to be valued at par for purposes of the Indiana Inheritance and Estate Tax is based upon a provision in the bonds which allows them to be redeemed at their par or face value in payment of Federal Estate Taxes.

However this court has recently held that Treasury Bonds are to be valued at the price determined in the open market and not at par. *Second Nat. Bank of Richmond v. State, etc.* (1977), 174 Ind. App. 224, 366 N.E.2d 694. Accordingly, the trial court did not err in its valuation of the bonds.

The State's second contention is that the trial court erred in determining that certain gifts were not made in contemplation of death. The facts as disclosed by the parties' rehearing briefs are that Nell K. Neary died on May 6, 1974, at the age of 90. Before her death at an advanced age, the deceased had made gifts totaling $190,000. Gifts of $130,000 were made on November 22, 1971; gifts of $30,000 were made on June 6, 1973; and gifts of $30,000 were

made on March 1, 1974. These cash gifts were not reported on Schedule B-2 of the "Indiana Schedule of All Property as Transfers, in Contemplation of, or Intended to Take Effect at or After Death or Within Two Years Prior to Death." Likewise the gifts were not included in the "Order Determining Value of Estate and Amount of Tax." The total gross estate reported on the Federal Estate Tax Return was approximately $596,000.

One of the primary motives of Nell Neary for making the gifts to her nieces and nephews was the elimination of property from her estate which she had received from the estate of her sister, Elsie Neary, and which she thought should have gone to her nieces and nephews rather than to her. Nell Neary had been designated as the sole beneficiary in her deceased sister's will. Additionally, the gifts were made to avoid a contest of Elsie Neary's will.

IC 1971, 6-4-1-1 (Burns Code Ed.),[1] provides, in pertinent part, as follows:

"All transfers enumerated in this section shall be taxable, * * * if made in contemplation of death of the transferor, and any transfer of property made by a person within two [2] years prior to death, shall, unless shown to the contrary, be deemed to have been made in contemplation of death; * * * ."

On appeal the State does not discuss the $130,000 gift made on November 22, 1971, more than two years prior to the death of Nell K. Neary, but confines itself to the gifts of $30,000 in each of the years 1973 and 1974. With respect to these transfers, however, it must be borne in mind that the presumption that transfers of property made within two years of death are made in contemplation of death is not a conclusive presumption. In the case at bar, the fact that transfers were of property received upon the death of Nell K. Neary's sister could be considered by the trial court in determining whether the presumption was overcome. Accordingly, the trial court did not err in finding the transfers not to be in contemplation of death.

Judgment affirmed.

1. Repealed by Acts.1976, P.L. 18, § 2. For current law see, IC 1971, 6-4.1-2-4 (1977 Burns Supp.).

Staton, P.J., and Lowdermilk, J., participating by designation, concur.

NOTE—Reported at 372 N.E.2d 1227.