RICHMOND BAKING COMPANY *v.* DEPARTMENT OF TREASURY ET AL.

[No. 27,094. Filed February 1, 1939.]

*Claycombe & Stump,* and *John F. Watkins,* for appellant.

*Omer S. Jackson,* Attorney General, *A. J. Stevenson,*

Assistant Attorney General, and *Joseph W. Hutchinson,* Deputy Attorney General, for appellees.

TREMAIN, C. J.—This action was filed by the appellant against the appellees to enjoin the enforcement of chapter 255 of the Acts of the General Assembly of 1937, sections 47-1119 to 47-1132 Burns' Supp. 1937, §§11246-1 to 11246-13 Baldwin's Supp. 1937, approved March 11, 1937, known as the "Motor Vehicle Weight Tax Act," upon the ground that the act is unconstitutional, being in violation of section 23, Article I, of the Constitution of the State of Indiana, for the reason that it grants to some citizens or class of citizens privileges or immunities which, upon the same terms, do not equally belong to all citizens; that it violates section 1 of the Fourteenth Amendment of the Federal Constitution, for the reason that it abridges the privileges and immunities of citizens of the United States and deprives them of their property without due process of law; that it violates clause 3, section 8, Article I, of the Federal Constitution, in that it undertakes to regulate commerce among the several states.

The second amended complaint is in one paragraph. No good purpose would be served by undertaking a detailed recital of all the allegations, many of which are argumentative and explanatory of the appellant's position with reference to the act in question. The entire act is filed as an exhibit to the complaint. The substance of two other acts of the same session, namely chapters 135 and 277, is also set out.

It is charged that the appellant is and for many years has been engaged in the business of baking and selling bread and other bakery products in the city of Richmond, Indiana, and surrounding territory; that in its business it uses 25 motor vehicles, a detailed description of which is alleged. This description includes the

number and size of the tires used on all of the trucks and trailers, the capacity of each, the number of tires and wheels on both the front and rear axles, the load per axle of each truck, the number of miles traveled by each per day, and the territory covered, which includes the State of Ohio as well as the State of Indiana; that it is engaged in both intrastate and interstate commerce; that the act provides for a license fee, which in itself amounts to a tax, for the purpose of collecting revenue only, upon the kind of vehicles owned by appellant; that the act exempts from said tax or license other motor vehicles and all passenger vehicles and trailers attached thereto; that such passenger vehicles are at times used for the same purpose as the trucks and trailers owned and used by appellant; that the act bears no relation to public safety, health, morals, or public welfare, but the only purpose thereof is to obtain revenue from a particular class of persons, "not justifiable upon any reasonable basis"; that the classification made by the General Assembly under this act, as applied to the appellant, is "arbitrary, unreasonable, capricious, discriminatory, and without any justification whatever."

The foregoing statement reveals the nature of the action pleaded in the 52 typewritten pages of the complaint and exhibits, and should be sufficient for a discussion of the questions involved.

The appellees filed a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The memorandum to the demurrer recited that chapter 255 does not violate said constitutional provisions, and "upon the basis of the Second Amended Complaint and the allegations thereof, the facts as stated are insufficient to show that the Act violates either of the above constitutional provisions."

The demurrer was sustained by the court. Appellant

refused to plead further, final judgment was rendered against it, and, upon appeal, this ruling constitutes the only error assigned.

In the discussion of the law questions presented, the appellant admits that highways may be used for the transportation of persons and property for hire subject to special limitations and regulations, and that discrimination may be made between those using the highway for public purposes and those using them for hire in a classification for taxation, citing several United States decisions and *Kelly* v. *Finney* (1935), 207 Ind. 557, 194 N. E. 157. Appellant further admits that classification is not invalid where it rests upon a reasonable basis of actual difference between those included and those excluded, but asserts that there is no basis for the classification made by the act in question except those stated in the statute itself, which classification is not based upon a compensation for the use of the highway; that a tax is imposed upon trucks and trailers of the kind owned and operated by appellant and exempts from such tax trailers pulled by passenger cars; that there is no reasonable ground for exempting passenger cars which are used for commercial purposes and at the same time levy a tax on trucks which are used for the same purpose, and for this reason the act is discriminatory and amounts to an unfair and illegal classification.

Many authorities, both federal and state, are cited by appellant which declare certain acts to be unconstitutional because they are discriminatory, and because no just and reasonable basis appears for the classification made. It therefore becomes important to examine the act in question and to determine whether or not the Legislature exceeded its constitutional authority in the passage of the act in question.

This court must approach the consideration of the

questions herein involved with a presumption in favor of the validity of the legislative act. If the act can be sustained upon any reasonably conceivable basis, it must not be overthrown. Even if there is doubt upon the question of the unconstitutionality of the act, that doubt must be resolved in favor of its constitutionality. *State ex rel.* v. *Billheimer* (1912), 178 Ind. 83, 88, 96 N. E. 801; *State ex rel. Duensing* v. *Roby et al.* (1895), 142 Ind. 168, 180, 41 N. E. 145; *Bush* v. *The City of Indianapolis* (1889), 120 Ind. 476, 483, 22 N. E. 422; *Brown* v. *Buzan* (1865), 24 Ind. 194, 196, 197.

On the proposition of the lack of a basis for classification the court will presume the existence of a state of facts which will sustain the legislative act if such a state of facts reasonably can be conceived that would sustain the classification. *Baldwin* v. *State* (1924), 194 Ind. 303, 307, 308, 141 N. E. 343. That authority, and many others, recognize that the determination of the question of classification is primarily for the Legislature, and is never a judicial question, unless the classification is so unreasonable that it cannot be sustained under any circumstances.

While it may be asserted that the highways of the state are open to the use of all persons upon equal terms, nevertheless, such use is restricted by legislative enactment which may place a tax or license upon the users of the highway, and such users may be separated into classes and taxed differently if any reasonable basis exists for the classification. *Kersey* v. *City of Terre Haute* (1903), 161 Ind. 471, 473, 68 N. E. 1027; *Kelly* v. *Finney, supra; Continental Baking Co.* v. *Woodring* (1932), 286 U. S. 352, 52 S. Ct. 595, 76 L. Ed. 1155.

This court has been called upon to pass upon the question of classification made by the Legislature in so

many cases that it would be useless to undertake a recital of authorities passing upon specific classifications made under circumstances there presented, but as a general proposition it may be said that the state has a right to classify for the purpose of taxation, and this right extends to sub-classifying where there is sufficient basis for the subdivision of the general class. *Continental Baking Co.* v. *Woodring, supra,* which is a case in principle much like chapter 255, *supra.* The basis of the classification there involved was the size of the frames of the trucks. As further authority upon the question of sub-classifying see *Kelly* v. *Finney, supa;* Cooley on Taxation (4th Ed.), Vol. 1, sections 349-350.

The appellant asserts that the purpose of chapter 255 is to provide for the general revenues of the state. Literally the act provides not for taxes but for license fees, all of which are used for the administration of the act, construction, reconstruction, repair, maintenance, and policing of the highways of the state. But appellant asserts that chapters 135 and 277 of the Acts of 1937, when read in connection with chapter 255, disclose a general purpose of the Legislature to divert the fees collected from road uses to the general use of the state. Chapter 277 is a registration act; chapter 135 concerns the distribution and use of funds collected and paid under the Motor Vehicle Highway Account, from and through the taxation of and imposition of license fees and other taxes upon, or on account of, the motor vehicles and motor vehicle distribution. The act discloses that none of the funds derived from the weight tax, or chapter 255, is used for any purpose other than purposes pertaining to the state's highways. Chapter 135 of the Acts of 1937, which creates the Motor Vehicle Highway Account, provides that it shall be made up of collections from motor

vehicle fuel license fees, registration fees, transfer fees, drivers' and chauffeurs' license fees, weight taxes, certificates of title fees, and any other taxes or fees placed in said account. These several items embrace $1,250,000 transferred annually to the general fund of the state, but it is disclosed by reference to said chapter 277 that this amount is derived from registration fees. All other funds in the Motor Vehicle Highway Account are used for highway purposes. This includes fees derived under chapter 255, *supra*. The court is warranted in this conclusion, both from the wording of the act and the presumption legitimately indulged in favor of the purpose of the Legislature.

However, in passing upon the constitutionality of chapter 255, the court is not concerned at this time so much with the use and distribution of the several items collected from the operation and regulation of motor vehicles upon the state highways. It is concerned principally by the attack made upon the law by appellant, in which it is charged that the classification is arbitrary, capricious, and not based upon a natural and normal difference existing between the motor vehicles upon which the license fee is paid and those upon which no fee is paid. As has been stated many times, the question of class is one for the Legislature, and the court has no authority to question the motive or reason for the adoption of an act, but an analysis of the classification here made may prove to be helpful. The Legislature of this state, upon the sanction of the court for many years, has recognized a distinction between freight trucks and passenger cars. They are constructed with a view of performing different services and uses. Trucks may occasionally be used to serve the purpose of a passenger car. Likewise, passenger cars infrequently may be used to serve the purpose of trucks, but the ordinary and normal uses of such

motor vehicles are entirely different. Trucks normally are constructed for the primary purpose of bearing a load, and passenger vehicles for the purpose of carrying passengers. In *Continental Baking Co.* v. *Woodring, supra,* the Supreme Court of the United States said, page 373:

> "The legislature in making its classification was entitled to consider frequency and character of use and to adapt its regulations to the classes of operations, which by reason of their habitual and constant use of the highways brought about the conditions making regulation imperative and created the necessity for the imposition of a tax for maintenance and reconstruction."

Upon the same basis that trucks and passenger cars may be distinguished, also may there be a distinction between the trailer pulled by trucks and the ▮ trailer pulled by passenger cars in their normal and primary use. Ordinarily a passenger motor vehicle is not designed for the purpose of pulling a tailer. Their use for such purpose is infrequent. Trucks frequently are constructed to draw large trailers and semi-trailers for the distribution of freight. There need not be closely drawn lines of demarkation between the classifications made by the Legislature. It is sufficient if there appears to be any just or reasonable basis for the classification, and for that purpose may be classified differently for the purpose of fixing license fees, *Kelly* v. *Finney, supra; State Board of Tax Commissioners* v. *Jackson* (1931), 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248. The latter case cited is not a truck case, but the principle upon which the classification is sustained applies to and sustains the classification considered in this opinion, for it there held that the fact that a statute discriminates in favor of a certain class does not make it arbitrary if the discrimination is founded upon a reasonable distinction, or the classi-

fication will not be condemned if any state of facts can reasonably be conceived to sustain it. On page 537 of that opinion, the Supreme Court of the United States said:

> "It is not the function of this Court in cases like the present to consider the propriety or justness of the tax."

On the next page it was stated that the difference which will sustain a classification "need not be great."

Chapter 255 imposes a license fee upon the motor vehicles therein described. The fee is made dependent upon the size of the tire, the number of wheels per axle, load per axle, carrying capacity, and other incidentals connected therewith. The attack is made upon that chapter. Chapters 135 and 277 are discussed by appellant as bearing upon the distribution of the funds collected. In passing upon the validity of chapter 255, the court is not concerned with the provisions of the other chapters. The classification made by chapter 255 is based upon the use for which the motor vehicle is designed. Clearly the Legislature possessed the constitutional authority to classify upon that basis.

The highways are public property. It is within the power of the state to require users of these highways to contribute to their cost and maintenance, and to require those who make special use thereof to contribute to their upkeep. The distinction between commercial motor vehicles and pleasure cars has been recognized from the beginning of their use. Such regulation tax or fee is not a burden upon interstate commerce which applies alike to commercial vehicles, whether engaged in intrastate or interstate commerce. *Hendrick* v. *Maryland* (1915), 235 U. S. 610, 624, 35 S. Ct. 140, 59 L. Ed. 385.

The weight, size, and construction of motor vehicles, whether engaged in intra or interstate commerce affect

the highways in precisely the same manner. The state may establish regulations and impose license fees as compensation for the use of the hiyhway, based upon load per axle or carrying capacity. *Hicklin* v. *Coney* (1933), 290 U. S. 169, 173, 54 S. Ct. 142, 78 L. Ed. 247.

It clearly appears that the Legislature did not exceed its constitutional authority, as contended by appellant, in the adoption of chapter 255. The demurrer to the complaint was properly sustained.

Judgment affirmed.