STATE OF INDIANA ON RELATION OF McCLELLAN *v.* JAY CIRCUIT COURT, HINKLE, JUDGE, ETC.

[No. 29,109. Filed January 7, 1954.]

*Batton, Harker & Rauch,* of Marion, for relator.

*Alfred R. Hollender,* of Hartford City and *Frank B. Jacqua,* of Portland, for respondents.

DRAPER, C. J.—This is an original action filed in this court to prohibit the respondents from proceeding further in the matter of an alleged contempt of respondent court.

On September 14, 1953, William G. Beatty, the plaintiff in Cause No. 14156 then pending in the Blackford Circuit Court, filed therein his verified application for a restraining order to restrain the defendant therein, William A. McClellan, from proceeding to trial in Cause No. 7527 in the Grant Circuit Court, in which latter case McClellan was plaintiff and Beatty was defendant.

The court being unable to hear the matter at once, set it for hearing for September 17, 1953, but on September 16, 1953, McClellan filed a verified application for change of judge in Cause No. 14156 in the Blackford Circuit Court. The application was granted but no special judge was appointed and, so far as we are advised, none has yet been appointed.

Thereupon, on September 17, 1953, Beatty filed in the Jay Circuit Court, an adjoining circuit, his verified complaint for a temporary injunction and restraining order, to restrain McClellan from proceeding further in Cause No. 7527 in the Grant Circuit Court. The petition recited, among other things, the pendency of the action in the Blackford Circuit Court, the filing therein of Beatty's petition for temporary injunction and restraining order, and the fact of and reason for the incompetence of the regular judge of the Blackford Circuit Court to hear and determine the injunction matter. A restraining order was thereupon issued by the judge of the Jay Circuit Court, and said order was served on McClellan the same day.

On September 21, 1953, the judge presiding in Cause No. 7527 in the Grant Circuit Court ordered McClellan to proceed with the trial of that cause and McClellan did so proceed, and was awarded a judgment by default therein against said Beatty. The respondent, Jay Circuit Court, did thereupon issue a rule against the relator to show cause why he should not be held in contempt for violation of its order of September 17, 1953.

Thereafter, and before the contempt matter could be heard, McClellan, the relator here, contending that the respondent Jay Circuit Court and the judge thereof had acted and was threatening to act further wholly without jurisdiction so to do, filed this original action for a writ of prohibition against the respondent court. We issued a temporary writ.

The parties agree that when the affidavit for change of judge was filed in the Blackford Circuit Court the judge thereof was required to grant it, and he ■ thereafter had no further jurisdiction in the case. *State ex rel. Ballard* v. *Jefferson Cir. Ct.* (1947), 225 Ind. 174, 73 N. E. 2d 489; *State ex rel. Gmil* v. *Markey* (1951), 230 Ind. 68, 101 N. E. 2d 707. Burns' Stat., §3-2101 is set out in full in the margin.[1]

---

1. "Restraining orders and injunctions may be granted by the Supreme Court in term-time, when necessary and proper for the due exercise of the jurisdiction and powers of such court, or by any judge thereof in vacation or recess, and by the circuit courts in their respective counties in term-time, or by the judges thereof in vacation; or if such judges be absent from their circuits, or by reason of sickness or other cause be unable or incompetent to hear and determine the granting of a temporary injunction or restraining order, then any such judge of an adjoining circuit may hear and determine the granting of such temporary injunction or restraining order, and the regular presiding judge in the county where the petition was filed shall hear and determine whether such injunction or restraining order shall be made permanent, and the said courts, in term-time, or the judges thereof, in vacation, may, in any county of the circuit, issue restraining orders or injunctions to operate in any other county in the circuit. Provided, That all such petitions shall be filed in the clerk's office in the county in which such writ is prayed for." Burns' Stat., §3-2101.

It provides, among other things, for the issuance of restraining orders and injunctions by circuit courts and the judges thereof, and further provides that "if such judges be absent from their circuits, or by reason of sickness or other cause be unable or incompetent to hear and determine the granting of a temporary injunction or restraining order, then any such judge of an adjoining circuit may hear and determine the granting of such temporary injunction or restraining order, . . . ."

It does not appear that the regular judge of the Blackford Circuit Court was absent from the circuit or was sick and for either of those reasons unable to hear the matter of the temporary injunction, and we are asked by the relator to construe the language of the statute to mean that the regular judge was not rendered "incompetent" by reason of the change from him, it being asserted that the word "incompetent," as there employed, means one who is incapable or not qualified due to lack of ability.

Incompetency may include disqualification as well as inability or incapacity. Webster's Int. Dict., 2nd Ed. It seems to us that a judge who has been disqualified by the filing of an affidavit for change of judge has been rendered incompetent by an "other cause" within the meaning of the statute. To give the statute the narrow interpretation contended for by the relator, and agree with relator that no valid restraining order could be issued until after a special judge had been selected in the cause pending in the Blackford Circuit Court, would be to construe a procedural gap into the statute which would defeat its apparent purpose. We think it was the intention of the legislature to make such provision that emergency matters could always be expeditiously heard somewhere by someone. It surely was not intended that a party

could, by taking a change of judge, create a situation where there would be no court anywhere that could hear and determine the matter of a temporary injunction or restraining order. We hold that the respondent court had jurisdiction to issue the order. It follows of necessity that that court has jurisdiction to enforce its order by contempt proceedings so long as the emergency which gave rise to its authority exists. Whether such authority would be lost by the appointment and qualification of a judge in the cause pending in the Blackford Circuit Court is a question we need not decide.

The allegations of the petition filed by Beatty in the Jay Circuit Court make it clear that he was thereby invoking action by that court ancillary to the cause of action pending in the Blackford Circuit Court, and it is represented to us that all parties so understood it. Under the proviso in Burns' §3-2101, *supra,* the petition upon which the Jay Circuit Court acted was properly filed and assigned a number in the Jay Circuit Court and it was proper to hear and determine the matter in that court. We cannot agree with the relator that the legislature meant that the petition for emergency relief should be filed in the court where no judge was available, and that the petitioner should then go and bring in a judge from an adjoining circuit to hear it. It seems the more apparent that such was not the legislative intent when it is remembered that the section of the statute under consideration was put in its present form in 1899, when roads and methods of transportation and communication were, to say the least, not what they are today.

In the case pending in the Blackford Circuit Court, to which the restraining order was ancillary, summons had long since been issued and served upon the relator, and he had appeared and answered. It was not necessary to issue summons in Jay

County, nor was the Jay Circuit Court without authority to issue the restraining order because the relator did not reside in that county. The "regular presiding judge" upon whom the statute imposes the duty to determine whether a temporary injunction or restraining order shall be made permanent is the regular judge of the original court, or in other words the court in which the main cause of action is pending except that, in those cases where the regular judge is incompetent because disqualified, that duty rests upon the special judge who is regularly selected to preside in the cause.

Other questions have been raised by the relator which, while perhaps the proper subject of further proceedings, do not concern the question of the jurisdiction of the respondent court, and they are, therefore, not considered. *State ex rel. Emmert* v. *Hamilton Circuit Court* (1945), 223 Ind. 418, 61 N. E. 2d 182, 159 A. L. R. 1279; *State ex rel. McMinn* v. *Gentry* (1951), 229 Ind. 615, 100 N. E. 2d 676.

We conclude that the Jay Circuit Court is not without jurisdiction to proceed and that the temporary writ of prohibition heretofore issued should be dissolved and a permanent writ denied. It is so ordered.

Bobbitt, Flanagan and Gilkison, JJ., concur. Emmert, J., not participating.

NOTE.—Reported in 116 N. E. 2d 511.