LOTTINGER, Judge.
This is a suit by plaintiff, Pine Tree Realty, Inc., against defendant, Stan Weber & Associates, Inc., for one-half of a real estate commission collected by defendant from the sale of immovable property. From a judgment in favor of plaintiff, defendant has appealed.
From a thorough review of the record and the trial judge’s written reasons for judgment, we glean the following facts. Plaintiff’s sole real estate agent is Mary Lynn LeGardeur. The buyers, Mr. and Mrs. John Kemp, were referred to her by a mutual friend. They were interested in finding a Victorian-style home in the Covington area. Mrs. LeGardeur showed them two houses on July 20, 1979. One house was a new home and the other was an older home. Both houses were exclusive listings of defendant but were included in the St. Tammany Parish Board of Realtors’ Multiple Listing Service. Mrs. LeGardeur testified that Mr. Kemp did not seem too impressed with either house. After touring the two houses Mrs. LeGardeur told the Kemps that she was going out of town for several weeks and to contact a Ms. Champagne, an agent of defendant, if they were interested in either house. She gave the Kemps some blank forms and the telephone number of Ms. Champagne. Mr. Kemp telephoned for Ms. Champagne, but she too was out of town, and he was referred to Mrs. Deekert. Mr. Kemp told Mrs. Deekert that Mrs. Le-Gardeur had shown them some houses and that they would like to see more houses. She showed them several of the homes including the older home they had previously seen. She was informed by the Kemps that Mrs. LeGardeur had previously shown them that home. Several weeks later the Kemps entered into a purchase agreement for the older home. A final agreement was signed on August 22, 1979.
In September of 1979 Mrs. Deekert telephoned Mrs. LeGardeur concerning another matter, and in conversation thanked Mrs. LeGardeur for referring the Kemps to her. When asked which house the Kemps had purchased, she told Mrs. LeGardeur that they had purchased the older house. Mrs. LeGardeur requested part of the commission and after discussing same with her superior, Mrs. Deekert offered Mrs. Le-Gardeur a referral fee. Mrs. Deekert admitted that had it not been for Mrs. Le-Gardeur’s referral of the Kemps, she would not have sold the house to them.
*1381 The parties entered into the following stipulation: “In the absence of agreement to the contrary, it is generally accepted that realtors who agree to work together, participate or cooperate to complete a transaction should divide the commission equally.”
In its written reasons for judgment the trial court said “it has been stipulated by plaintiff and defendant and this court so finds that in the absence of any agreement to the contrary, it is the custom of the profession that all realtors who participate or cooperate in the completion of a transaction share in the commission equally.” The trial court concluded that Mrs. LeGardeur was a substantial factor in the purchase of the property by the Kemps, and thus awarded her one-half of the commission.
The defendant-appellant contends that the trial judge erred in finding that an agreement to compensate the plaintiff existed at any time, notwithstanding the stipulation entered into evidence at trial, which only supplied a missing term, and could not be substituted for an agreement itself; and in finding that Mrs. LeGardeur was a substantial factor in the transaction.
As to the first assignment of error, defendant basically argues that before it can be required to share a commission with another real estate agent, there must be an agreement between the two agents that a commission will be shared. Defendant argues that practices or customs of the trade cannot provide the basic agreement, although they may supply missing terms as the stipulation in the case at bar reveals. Defendant-appellant is apparently arguing that the only understanding to be derived from the stipulation is that once realtors have agreed to work together, the commission is divided equally unless there is an agreement to the contrary.
Mrs. Deckert testified that the purpose of placing property in the multiple listing service is so that other brokers will know the property is on the market and that they can and will show the property and sell it. It would be unrealistic to conclude that by placing property in a multiple listing service to encourage others to attempt to sell it that the selling brokerage would be willing to spend its time and effort without the expectation of being compensated. As such, a broker or agent who places property in a multiple listing service must expect to divide the commission with the agent who is the procuring cause of a sale. Certainly the listing agent can place restrictions on its participation in the division of a commission with another agent. However, as pointed out by the stipulation, in the absence of any agreement to the contrary, the commission is divided equally.
We therefore conclude that when defendant placed the subject property in the multiple listing service it agreed with other realtors that if they were the procuring cause of a sale the commission would be divided. We find no indication by the defendant nor agreement with it that the division of the commission would be anything other than an equal split.
Secondly, defendant-appellant argues that Mrs. LeGardeur was not the procuring cause of the sale. The record is clear, and Mrs. Deckert, agent for defendant, admitted that if Mrs. LeGardeur had not referred the Kemps to her, the sale would not have taken place. Mrs. LeGardeur initially showed the subject property to the Kemps. Though the buyers did not reach the decision at that showing that they would purchase the property, sufficient interest was generated that after looking at several other pieces of property they eventually returned to the subject property and purchased same.
We agree with the trial judge that Mrs. LeGardeur was the procuring cause, and that the commission be split equally.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant’s costs.
AFFIRMED.