**Robert D. MATHYS, Appellant (Defendant Below),**

v.

**CITY OF BERNE, INC., Appellee (Plaintiff Below).**

**No. 2–885A268.**

Court of Appeals of Indiana, Second District.

Dec. 31, 1986.

---

Harry W. Scott, DeVoss, Scott, Johnson & Baker, A Professional Corp., Decatur, for appellant.

David R. Day, James C. Carlino, Bose, McKinney & Evans, Indianapolis, James E. Beitler, Baumgartner & Beitler, Berne, for appellee.

SHIELDS, Judge.

Plaintiff-Appellee City of Berne (City) brought this action to enjoin Defendant-Appellant, Robert D. Mathys (Mathys), from storing scrap metal on his premises in violation of section 4(13) of the City's Nuisance Ordinance. Mathys appeals the denial of his motion for summary judgment and the grant of summary judgment in favor of the City. We affirm in part and reverse in part.

On January 25, 1971, the City's Common Council adopted Ordinance Number 176 entitled "Nuisance Ordinance." The Ordinance enumerates conditions constituting nuisances, including the "storage of motor vehicles in inoperative condition, motor vehicles unfit for further use, automobile parts or scrap metal within the city limits." (Record at 71).

On September 20, 1978, Mathys acquired real estate located within the City and be-

gan using it for a salvage business. On October 27, 1981, the City Board of Public Works and Safety notified Mathys he was violating the City's Nuisance Ordinance and ordered him to abate the nuisance on or before December 15, 1981. Mathys continued to store scrap metal on the real estate.

On December 23, 1983, the City filed an action to enjoin Mathys permanently from using his real estate as a scrap metal yard and to order him to clean and restore his premises. On March 19, 1984, Mathys filed a Motion to Dismiss the City's complaint claiming the Ordinance was an invalid exercise of the City's police power. On January 11, 1985, the court heard oral argument on the motion. Mathys submitted a memorandum in support of the Motion to Dismiss on April 1, 1985; and the City submitted a Reply Brief on May 24, 1985.

On June 4, 1985, the trial court notified the parties it would be disposing of the matter by summary judgment and ordered the parties to file relevant materials on or before July 10, 1985.[1] The City filed a Motion for Summary Judgment with supporting affidavits on July 10, 1985 and an additional affidavit on July 12, 1985. Mathys received the City's Motion for Summary Judgment with the accompanying affidavits on July 15, 1985. That same day the trial court granted the City's Motion for Summary Judgment and denied Mathys's motion. In so doing, the trial court concluded the Ordinance was a valid exercise of the City's police power and Mathys' use of his premises violated the Ordinance. Mathys filed a Motion to Correct Errors with a supporting affidavit on August 2, 1985. The trial court overruled this motion on August 14, 1985. This appeal ensued.

Mathys presents six issues for our review which we consolidate and rephrase as follows:

1) Whether the trial court erred in converting Mathys' Motion to Dismiss the City's complaint into a Motion for Summary Judgment,

2) Whether the trial court erred in granting summary judgment for the City five days after the City had filed its motion, and

3) Whether the trial court erred in finding the Nuisance Ordinance constitutional.

## DISCUSSION AND DECISION

### A.

■ Mathys contends the trial court erred in converting his Motion to Dismiss into a Motion for Summary Judgment when the only material before the trial court was the City's complaint, Mathys' Motion to Dismiss, and the parties' briefs.

Mathys has waived this asserted error because the record reveals Mathys failed to object to the trial court's June 4 order within a reasonable time after its entry. In fact, Mathys first objected to the procedure in his August 2, 1985 Motion to Correct Errors, two months after the June 4, 1985 order. A party cannot remain silent, await the outcome of a questionable procedure, and then object if the result is not to his benefit. *See Enderle v. Sharman* (1981), Ind.App., 422 N.E.2d 686, 691; *State ex rel. Randall v. Long* (1957), 237 Ind. 389, 392, 146 N.E.2d 243, 245.

■ Furthermore, even if the trial court's action was erroneous it was harmless. The issue of the facial constitutionality of the ordinance is an issue of law and hence, the result would be the same whether the ruling is under a motion to dismiss or motion for summary judgment.

---

1. The June 4, 1985 order provided, in pertinent part:
   "The Court now determines that this matter should be disposed of pursuant to a Motion for Summary Judgment pursuant to said Trial Rule 56, and now directs that the parties file any and all affidavits, depositions, answers to the interrogatories, or testimony as desired by the parties pursuant to Trial Rule 56(E).

   The Court requests that said affidavits and other papers be filed with the Court on or before July 10, 1985.

   Upon the filing of said affidavits the Court will then treat this matter as a Motion for Summary Judgment and will rule on said Motion heretofore filed by the Defendant." Record at 63–64.

## B.

■ Mathys argues the trial court committed error by granting the City's Motion for Summary Judgment five (5) days after the City filed its Motion and before it was set for a hearing. Mathys asserts the trial court's action deprived him of notice the court would decide *all of the claims* raised by the City's complaint. We agree.

The trial court erred when it failed to set a hearing on the City's pending Motion for Summary Judgment as mandated by Indiana Rule of Trial Procedure 56(E). Without the hearing date required by T.R. 56(E), Mathys did not have the opportunity to present evidence on the issue of his asserted violation of the Ordinance, an issue which was first presented for summary disposition in the City's Motion for Summary Judgment.

In 1981, the Indiana Supreme Court in *Otte v. Tessman*, 426 N.E.2d 660, addressed the hearing requirement of Indiana Rule of Trial Procedure 56(C). In *Otte*, the supreme court consolidated two separate cases where the trial courts had granted summary judgment motions before a hearing was set on the motions. In each case the court of appeals had found the trial courts' actions constituted harmless error due to the complaining parties' failure to establish prejudice. The supreme court disagreed:

"... [P]rejudice is presumed on appeal where a trial court fails to follow the mandate of Trial Rule 56, which provides that the trial court fix a time for a hearing on the motion for summary judgment before ruling upon the motion. The fixing of time for a hearing is the cornerstone which supports the equitable operation of Trial Rule 56. It is the notice to the parties that motions to publish depositions must be filed and granted by the trial court before the time fixed if the depositions are to be considered by the trial court. It is notice to the parties that they must ask for an extension of time if they are contemplating the taking of a deposition which they wish the trial court to consider. If no time is fixed by the trial court, and it renders summary judgment, a party may find that the avenue to further discovery has been closed and that the showing of prejudice is now impossible.

426 N.E.2d at 661–62 (citations omitted) (quoting Judge Staton's dissent in *Otte v. Tessman* (1980), Ind.App., 412 N.E.2d 1223). Accordingly, the court vacated the decisions of the court of appeals and remanded the cases to the trial courts to set hearings on the summary judgment motions. 426 N.E.2d at 662.

Following *Otte*, the trial court erred in granting the City's Motion of Summary Judgment without first setting it for hearing.

## C.

Finally, Mathys challenges the City's Nuisance Ordinance on the grounds it exceeds the City's statutory authority because the Ordinance is an unreasonable exercise of the City's police power. Although recognizing municipalities have broad police powers to protect their citizens from activities which endanger the public's health, safety, and welfare, Mathys denies the City has the power to prohibit any storage of scrap metal as a nuisance without also requiring the storage be dangerous, unsafe, unhealthful, or even unsightly. He argues the Ordinance is unreasonable because it declares the storage of scrap metal a nuisance *per se* when it is possible to store scrap metal in a manner which is not offensive, obnoxious, or dangerous. *See City of Collinsville v. Seiber* (1980), 82 Ill.App.3d 719, 38 Ill.Dec. 75, 403 N.E.2d 90.

■ Local ordinances, like statutes, are presumed to be constitutional until clearly proven otherwise. *City of Indianapolis v. Clint's Wrecker Service, Inc.* (1982), Ind. App., 440 N.E.2d 737; *State ex rel. McGonigle v. Madison Circuit Court for Fiftieth Judicial District* (1963), 244 Ind. 403, 193 N.E.2d 242. The burden is upon the challenger to overcome the presumption, and all doubts are resolved in favor of the validity of the ordinance. *City of Indi-*

*anapolis v. Clint's Wrecker,* 440 N.E.2d at 740; *Steup v. Indiana Housing Finance Authority* (1980), 273 Ind. 72, 402 N.E.2d 1215. If possible, the court must adopt a construction of the ordinance which renders it constitutional. *City of Indianapolis v. Clint's Wrecker,* 440 N.E.2d at 740.

██ The provision of the Ordinance attacked by Mathys is Section 4(13) which declares "[t]he storage of motor vehicles in inoperative condition, motor vehicles unfit for further use, automobile parts or scrap metal within the city limits" a nuisance. Record at 71. However, Mathys ignores another relevant section of the Ordinance, Section 5, entitled "Test for nuisance":

> "Whether or not a particular annoyance, as listed in section 4, constitutes a nuisance shall depend on its effect upon persons of ordinary health and average sensibilities, and not its effect upon persons who are delicate or super-sensitive, or whose habits, tastes or conditions are such that they never are sensible of any annoyance."

Record at 71. A reasonable and constitutional construction of the Ordinance, reading Sections 4(13) and 5 together, is the Ordinance does not ban the storage of scrap metal *per se.* Rather, the storage of scrap metal must first be determined to have a negative effect upon persons of ordinary health and average sensibilities to justify its classification as a nuisance. In essence, the Ordinance is reasonably interpreted as requiring the municipality to prove a nuisance in fact exists before it is entitled to the relief of abatement.

██ Adopting this interpretation of Sections 4 and 5 of the Ordinance, the Ordinance bears a reasonable relation to the public health, safety, and welfare of the City's citizens and thus is a proper exercise of the City's police power. *City of Indianapolis v. Clint's Wrecker Service, Inc.* Accordingly, the trial court properly found the Ordinance was valid and denied Mathys's converted motion to dismiss.

We affirm the trial court's denial of Mathys's converted motion to dismiss and reverse the trial court's grant of summary judgment for the City. Cause remanded for further proceedings consistent with this opinion.

BUCHANAN, C.J., and SULLIVAN, J., concur.