**Michael P. BOZZELLI, d/b/a Culver Cove Realty, Appellant,**

v.

**Wayne L. HOLLENBAUGH, d/b/a Wayne's Realty, Appellee.**

No. 50S05–9206–CV–504.

Supreme Court of Indiana.

June 26, 1992.

Richard F. Joyce, Kizer & Neu, Plymouth, for appellant.

T. Edward Ummel, Easterday & Ummel, Plymouth, for appellee.

GIVAN, Justice.

In an opinion reported at 582 N.E.2d 905, the Court of Appeals reversed the trial court's decision allowing appellant one percent of the sale price as his share of a commission earned in the sale of real estate.

Appellee had an exclusive listing contract to sell a certain piece of real estate. He was a member of the Marshall County Board of Realtors Multiple Listing Service (MLS). This organization distributes a publication to its members every two weeks showing the current listings. In the publication for the period ending July 4, 1990 (the period involved in this litigation), the publication stated that the co-op percentage which a finder would share with the listing member was 1.6 percent of the total sale price.

Although not a member of the organization, appellant acquired the publication and approached the appellee stating that he had a buyer. The trial court found that it was the understanding of appellee that appellant in fact was a member of MLS. Operating under such assumption, he presumed that the division would be governed by the association's practice of the trade.

After the sale had been consummated, appellee learned that appellant in fact was not a member of MLS. Appellee then took the position that appellant was not entitled to any portion of the commission earned. Both the trial court and the Court of Appeals found against appellee on that contention and we agree with· such a finding.

The issue to be decided is to what percentage of the sale price is appellant entitled. The Court of Appeals writes a thorough opinion which correctly recites the law as to how commissions or fees are to be divided between persons who do not have a specific agreement but have agreed to work in concert, one with the other, in accomplishing a certain transaction. There is no doubt that under circumstances of that sort the division is basically fifty-fifty with one of the parties being entitled to recover expenses entailed by that party in accomplishing the transaction.

■ However, such is not the situation in the case at bar. The record clearly supports the finding of the trial judge that appellant approached the appellee in such a manner as to lead the appellee to believe that he was a member of MLS. In holding himself out as such a member, equity requires that appellant be bound by the practice of the trade under the rules of MLS. This practice called for the finder to receive a commission of 1.6 percent of the sale price. *See Pine Tree Realty v. Stan Weber and Assoc., Inc.* (1981), La.App., 405 So.2d 1379. The total commission earned was six percent of the sale price, which ·was $280,000.

■ The trial court ruled that since appellant in fact was not a member of MLS he was not entitled to the full commission allowed a finder under MLS rules but was entitled to "an equitable fee" which would be $2800. There is no question that had appellant been a member of MLS he would have been entitled to the 1.6 percent of the sale price as his share of the commission. The trial court was well within its equitable discretion to allow appellant *quantum meruit* for his services. *See State ex rel. McGonigle v. Madison Cir. Ct.* (1963), 244 Ind. 403, 419, 193 N.E.2d 242, 250.

The Court of Appeals opinion is set aside and the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, J., concur.

DICKSON and KRAHULIK, JJ., concur in result without opinion.