811 So.2d 1126 (2002)
ORLEANS TITLE INSURANCE AGENCY, L.L.C.
v.
R. ALAN BARTLETT, INC., and CMS Realty Services, Inc.
No. 2001-CA-0117.
Court of Appeal of Louisiana, Fourth Circuit.
February 27, 2002.
*1127 John M. Holahan, New Orleans, LA, for Defendant/Appellant (R. Alan Bartlett, Inc.).
Charles L. Stern, Jr., Steeg & O'Connor, New Orleans, LA, for Defendant/Appellee (CMS Realty Company).
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III and Judge DAVID S. GORBATY).
JOAN BERNARD ARMSTRONG, Judge.
This is a dispute over half of a real estate commission. The trial court held that each of the brokers involved in the transaction was entitled to one half of the total commission. As the trial court was not clearly wrong-manifestly erroneous as to this issue of fact, we will affirm.
On January 23, 1998, R. Alan Bartlett, Inc. ("Bartlett, Inc."), a real estate brokerage firm, obtained from the owners a listing for a house in New Orleans. The owners were Mr. and Mrs. Jones. Bartlett, Inc. entered the listing in a multiple listing system and made a standard offer to pay one half of the commission to any buyer's broker.
Robert Steeg, while not represented by a broker, made a written offer to buy the house. There was a counterproposal which was agreed to by Mr. Steeg and, on February 3, 1998, Mr. Steeg signed a form for purchase which had not yet been signed by the owners. The next day, February 4, 1998, Bartlett, Inc. presented to Mr. Steeg a form for the purchase of the home which showed a relocation service company, Prudential Relocation, instead of Mr. and Mrs. Jones, as the seller. Importantly, this form was accompanied by a rider from the relocation company. The rider contained a provision that the house was to be sold "as is" with no warranty. The "as is" clause was totally unacceptable to Mr. Steeg, particularly as the house was 100 years old. He contacted the relocation company, to see if they would remove the "as is" clause, but they declined to do so. At that point, the deal for the sale and purchase of the house was, as Mr. Steeg testified "dead".
Mr. Steeg then decided to obtain representation and advice from a broker of his own. He engaged Patricia Stirlin, of CMS Realty Service, Inc. ("CMS"). Acting upon the advise of Ms. Stirling, Mr. Steeg made a revised offer to purchase the house. The revised offer included a home warranty policy and an extensive set of house inspections. On February 6, 1998, with the advice and assistance of CMS, Mr. Steeg reached an agreement with the relocation company for sale and purchase of the house.
On February 5, 1998, prior to the agreement for sale and purchase of the house, Mr. Steeg obtained Bartlett, Inc.'s written acknowledgment that he was now represented by CMS as buyer's broker. The next day, that was again confirmed in writing between Bartlett, Inc. and Mr. Steeg.
The closing for the sale and purchase of the house was on May 22, 1998. One half *1128 of the commission was disbursed to Bartlett, Inc. as the seller's broker. Bartlett, Inc. objected to any portion of the commission being disbursed to CMS, so the other half of the commission was placed into escrow and, ultimately, deposited into the registry of court in connection with the present case.
Generally, a real estate broker is entitled to a commission if it has been a "procuring cause" of the transaction. See Creely v. Leisure Living Inc., 437 So.2d 816 (La.1983); Latter & Blum v. Metropolitan Life Ins. Co., 208 La. 490, 23 So.2d 193 (1945), United Enterprises, Corp. v. Dixon Mortgage Group, Inc., 99-2080 (La. App. 4 Cir. 3/01/00), 762 So.2d 43.
Procuring cause has been defined as a cause originating or setting in motion a series of events which, without break in their continuity, result in the accomplishment of the prime object of the employment of the broker, which may variously be a sale or exchange of a principal's property, an ultimate agreement between the principal and a prospective contracting party, or the procurement of a purchaser who is ready, willing, and able to buy on the principal's terms.
A Creely, 437 So.2d at 820-21. Using this standard, the trial court found that CMS was a procuring cause of the sale and purchase of the home and, thus, was entitled to a commission. Based upon the evidence summarized above, this factual determination of the trial court was certainly not clearly wrong-manifestly erroneous.
The trial court's decision to award one half of the total commission to CMS is sound for several reasons. First, Bartlett, Inc., by means of listing the house in the multiple listing service, made a public offer to share half of the commission with any buyer's broker. Then, prior to the agreement of sale and purchase, Bartlett, Inc. acknowledged in writing that CMS was the buyer's broker. Second, the usual practice is for the seller's broker and the buyer's broker to split the commission evenly. See Lee Eyster and Associates, Inc. v. Favor, 504 So.2d 580 (La.App. 4th Cir.), writ denied, 507 So.2d 232 (La.1987); Pine Tree Realty, Inc. v. Stan Weber & Associates, Inc., 405 So.2d 1379 (La.App. 1st Cir.1981). Third, the evidence shows that both Bartlett, Inc. and CMS were necessary to the sale and purchase going forward. There would have been no commission for either of them but for the efforts of both of them. Accordingly, an equal division of the commission is just.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.